567 P.2d 811 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Allan McKNIGHT, Defendant-Appellant.
No. 76-326.
Colorado Court of Appeals, Div. III.
May 5, 1977.
Rehearing Denied May 26, 1977.
Certiorari Denied August 8, 1977.
*812 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John R. Rodman, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Towey & Zak, Stuart S. Keown, Edward B. Towey, Denver, for defendant-appellant.
PIERCE, Judge.
Defendant, Allan McKnight, appeals his conviction of embezzlement. We affirm.

I.
Defendant's first contention is that the trial court erred in not granting his motion for judgment of acquittal. We disagree.
Defendant was charged under § 18-8-407, C.R.S. 1973:
"Every public servant who lawfully or unlawfully comes into possession of any public moneys or public property of whatever description, being the property of the state or of any political subdivision of *813 the state, and who converts any of such public moneys or property to his own use or to any use other than the public use authorized by law is guilty of embezzlement of public property."
It was undisputed that while defendant was serving as county treasurer, he removed county funds from a cash box in the treasurer's office and deposited those funds into his personal checking account, leaving personal checks payable to the county treasurer in the amount of currency removed. Defendant deposited the money into his checking account for his personal use. This practice began in November 1974, when defendant exchanged a check for $1,500 in cash. On defendant's direction, an employee deposited this check for payment prior to an audit in January 1975. Following the audit, defendant repeated this procedure five times between January and August 1975. On each of these occasions, however, the checks were never deposited for payment, but simply remained in the cash box in an unsealed envelope bearing defendant's name.
Defendant testified that he had no intention to embezzle money from the county, basing this claim on the checks left in the cash box in exchange for the cash removed. There was evidence, however, that defendant's personal account was almost constantly overdrawn during this period, and that defendant had directed county employees not to deposit the checks for payment. Testimony adduced by the defense established that, because defendant's bank viewed him as a "valued customer", it had never dishonored any of his checks despite the frequent inadequacy of funds in his account.
Under these circumstances, judgment of acquittal could not properly be entered. There was adequate evidence to support a finding that every element of embezzlement had been proven beyond a reasonable doubt. Hence, the case was correctly submitted to the jury for resolution of defendant's guilt or innocence. See People v. McGill, Colo., 548 P.2d 600 (1976).
Defendant contends that it was incumbent upon the People to prove that his undeposited personal checks were worthless. Similarly, he asserts that presentation and demand for payment by the county were necessary prerequisites to prosecution. These arguments are without merit.
The checks were written on an overdrawn account. A bank official testified that he did not know whether the checks would have been honored had they been presented. In any event, the law does not require such presentation and demand to support a conviction for embezzlement. See Hartson v. People, 125 Colo. 1, 240 P.2d 907 (1951). Evidence demonstrating that defendant appropriated county funds for his own use while a public official was sufficient to sustain his conviction.

II.
Defendant next questions an instruction submitted to the jury on embezzlement, and contends that proffered and rejected defense instructions should have been given instead. Again, we disagree.
The trial court instructed the jury that a person commits embezzlement of public property if, while a public servant in possession of public property, the person "without the consent and against the will of the owner" of the property converts such property to personal use or any use other than that authorized by law with the intent to deprive the owner of its use and benefit. This instruction encompassed both the language of the embezzlement statute and the elements of conversion. As such, it was sufficient. See People v. Crawford, Colo., 553 P.2d 827 (1976); and Sparr v. People, 122 Colo. 35, 219 P.2d 317 (1950).
The refused instructions would have required the jury to find "fraudulent intent" in addition to conversion. They provided that mere conversion was insufficient and also defined conversion as an appropriation "with fraudulent intent." Even if fraudulent intent was required by prior law, it is not an element of the offense under our present statute. Section 18-8-407, C.R.S. 1973; see C.R.S. 1963, 40-5-16, *814 and People v. Fielden, 162 Colo. 574, 427 P.2d 880 (1967). See also People v. McCollum, Colo., 55 P.2d 184 (1976). See generally Adams v. People, 25 Colo. 532, 55 P. 806 (1898); Hutchman v. State, 61 Okl.Crim. App. 117, 66 P.2d 99 (1937).

III.
Defendant further asserts that the trial court erred in failing to instruct the jury on the limited purpose for which certain evidence of other misconduct by defendant was admitted. This evidence was comprised of: 1) the check exchanged and presented for payment just prior to the audit; 2) testimony by a prosecution witness as to defendant's frequent absences from his office, especially in the afternoon; 3) testimony by defendant himself as to favors he received from bank officers during his term of office. No special instructions limiting the manner in which the jury could consider this evidence were required.
The check was received into evidence without objection, see Lanford v. People, 159 Colo. 36, 409 P.2d 829 (1966), and the jury received a general cautionary instruction in accordance with Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959). See also § 16-10-301, C.R.S. 1973 (1976 Cum. Supp.). The testimony of the prosecution witness regarding defendant's cavalier attitude toward his public position did not encompass activity of a criminal nature, and was elicited on redirect in response to inferences of bias raised during cross-examination. See People v. Ciari, Colo., 540 P.2d 1094 (1975). No instructions were necessitated by defendant's own testimony regarding gratuities he received from third parties as amenities of his public office. See People v. Shackelford, 182 Colo. 48, 511 P.2d 19 (1973).

IV.
Finally, defendant argues that a new trial was warranted because of what he alleges was improper argument by the prosecution during summation. Although his objection to the challenged statement was sustained, defendant requested neither a mistrial nor a cautionary or curative instruction. The jury, prior to summation, had been given a general instruction that the arguments of counsel were not to be considered as evidence. Under these circumstances, reversible error did not occur. People v. Motley, 179 Colo. 77, 498 P.2d 339 (1972).
Judgment affirmed.
BERMAN and STERNBERG, JJ., concur.