588 P.2d 886 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Allan R. McKNIGHT, Defendant-Appellant.
No. 77-1030.
Colorado Court of Appeals, Division II.
October 5, 1978.
Rehearing Denied November 2, 1978.
Certiorari Granted January 8, 1979.
*887 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Felipe V. Ponce, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Towey & Zak, James J. Zak, Edward B. Towey, Denver, for defendant-appellant.
STERNBERG, Judge.
The defendant, Allan R. McKnight, former treasurer of Adams County, was convicted of embezzlement of public funds. The district court directed that McKnight serve an indeterminate sentence not to exceed three and one-half years. He appealed the conviction and this court affirmed. People v. McKnight, Colo.App., 567 P.2d 811 (1977). McKnight then sought reduction of the sentence under Crim.P. 35. The trial court refused to grant relief and this appeal followed. We affirm the sentence.
McKnight contends that, because of his poor physical and mental health, (1) the trial court's denial of his motion for reduction of the sentence was an abuse of judicial discretion, and (2) that incarceration would constitute cruel and unusual punishment contrary to the United States and Colorado Constitutions.
The People urge that we are precluded from reaching the merits of this appeal for several reasons: First, they assert that § 18-1-409(2.2), C.R.S.1973 (1976 Cum. Supp.) precludes appellate review of an indeterminate sentence. Secondly, they rely on § 18-1-409(2.1), C.R.S.1973 (1976 Cum. Supp.) which prohibits appellate review of a sentence, such as this one, that is within the minimum and maximum punishment allowable for the offense. The People also direct our attention to C.A.R. 4(c)(1), which limits appellate review to a sentence which is more than three years greater than the minimum sentence provided for the offense. Finally, the People argue that the relief sought is tantamount to a request for probation, which C.A.R. 4(c)(2)(IV) prevents appellate courts from granting.
In response to these contentions, McKnight asserts that the holding in Spann v. People, Colo., 561 P.2d 1268 (1977), does allow this court to afford him the relief he seeks, notwithstanding the language of the statutes and rules referred to above. We do not take so expansive a view of the holding in Spann. There, the supreme court did review the denial of a Crim.P. 35(a) motion in a case where the sentence imposed was not three years greater than the minimum. However, the court based its authority for such review on Colo.Const., Art. VI, Sec. 1, which provides that "[t]he supreme court . . . shall have a general superintending control over all inferior courts, under such regulations and limitations *888 as may be prescribed by law." No similar powers are accorded by the constitution to this court. Therefore, Spann does not give this court the authority to review a sentence which is within the limits of the statutes.
McKnight advances an additional argument not raised in Spann: That the punishment is "cruel and unusual" in violation of the Eighth Amendment and Colo.Const., Art. II, Sec. 3. Some courts have held that a sentence between the minimum and maximum terms provided by the legislature cannot constitute cruel and unusual punishment, and that the only constitutional attack cognizable is on the statute itself. See, e. g., United States v. Rosenberg, 195 F.2d 583 (2d Cir. 1952). In Colorado, however, the rule contains a second facet. In People v. Fulmer, 185 Colo. 366, 524 P.2d 606 (1974), it was stated:
"[I]f a sentence is imposed within the statutory limits, and if it does not shock the conscience of the Court, it will not be disturbed by a reviewing court on the grounds that it constitutes cruel and unusual punishment." (emphasis added)
Consequently, we reach the substantive issue raised, but only in the context of whether the sentence shocks the conscience of the court.
At the time of sentencing the trial court had before it medical and psychiatric reports indicating that McKnight suffered from a variety of physical problems, including a heart condition, that might result in his death if he were incarcerated, as well as reports indicating he would be "a lethally high risk inmate" because of his depression and "suicidal ideation." On the other hand in imposing its sentence the court properly balanced the effect of the sentence on the defendant against the interests of society. See People v. Duran, 188 Colo. 207, 533 P.2d 1116 (1975). Prisons exist to punish for white collar crime, as well as for violent acts. Punishment of an offender, protection of society, and rehabilitation of an offender are not the only reasons for incarceration; deterrence of similar acts by others is also a consideration. See People v. Duran, supra. The court in rendering its sentence considered McKnight's violation of his public trust as an elected official. It also noted that he would be eligible for parole after he had served one day. Indeed, the court even recommended that McKnight "be given favorable consideration for parole after [his] first appearance before the parole board, unless matters occur subsequent to this date that would indicate otherwise."
Considering all of these factors, the sentence imposed is not shocking to the conscience of this court and therefore it is affirmed. We direct the trial court, however, to append to its mittimus information apprising the officials of the Department of Corrections and of the place of incarceration of defendant's need for medical and psychological supervision.
Sentence affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.