## No. C-1780

## Allan R. McKnight v. The People of the State of Colorado

(607 P.2d 1007)

Decided March 17, 1980.                    Rehearing denied April 7, 1980.

Towey & Zak, Williams S. Silverman, Edward B. Towey, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Sarah Scott Sammons, Assistant Attorney General, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Petitioner McKnight was convicted of embezzlement of public funds. He appealed, and the Colorado Court of Appeals affirmed his conviction

in *People v. McKnight,* 39 Colo. App. 280, 567 P.2d 811 (1977).

Following this affirmance, the petitioner filed a Crim. P. 35(a) motion to reduce the sentence imposed on the ground that he had medical and psychological problems which would endanger his life if he were imprisoned. The trial court denied the motion after a full hearing. The petitioner then appealed the denial of the 35(a) motion, and the court of appeals affirmed in *People v. McKnight,* 41 Colo. App. 372, 588 P.2d 886 (1978). We granted certiorari to review the issues presented and to clarify the law regarding the jurisdiction of the court of appeals when a defendant seeks to appeal a denial of a 35(a) motion.

As to the jurisdictional issue, *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980), extensively discusses and resolves it. In accordance with *Malacara, supra,* the court of appeals correctly held that when the issue presented by the 35(a) motion concerns propriety of sentence, it is not appealable.

The petitioner also contends that the sentence as imposed upon him although within the statutory limitations, amounts to cruel and unusual punishment as to him and would therefore be unconstitutional if inflicted. The petitioner thus attempts to raise the propriety of sentence issue to one of constitutional magnitude. Nevertheless, it is still a challenge to the propriety of his sentence, and this type of challenge is not reviewable on appeal from a denial of a Crim. P. 35(a) motion to reduce a sentence.[1] *Malacara, supra.*

We are, however, cognizant of the fact that the basis for the cruel and unusual punishment challenge here arose after the initial sentence was imposed. But, a defendant's health condition is not generally a basis for a constitutional challenge of this type. *See generally Coker v. Georgia,* 433 U.S. 587, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 857 (1976). The appropriate remedy available to the petitioner lies in the commutation power of the governor. *Colo. Const.* Art. IV, Sec. 7.

The court of appeals should have dismissed the appeal rather than address the merits of the defendant's purported cruel and unusual punishment claim. *Malacara, supra.*

The cause is remanded to the court of appeals for the entry of an order dismissing the appeal.

---

[1] Obviously, had the petitioner sought relief by means of a Crim. P. 35(b) motion alleging and attempting to show that his sentence was imposed in violation of the United States or Colorado Constitutions, he would have a right to appeal a denial of that motion by virtue of Crim. P. 35(b)(2). *See People v. Fulmer,* 185 Colo. 366, 524 P.2d 606 (1974) ("It is well-settled that if a sentence is imposed within the statutory limits, and if it does not shock the conscience of the Court, it will not be disturbed by a reviewing court on the grounds that it constitutes cruel and unusual punishment.")

JUSTICE LEE does not participate.