## No. 79SA31

## The People of the State of Colorado v. Albert Malacara

(606 P.2d 1300)

Decided February 25, 1980. Opinion modified and as modified rehearing denied March 24, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Kenneth L. Keene, Jr., Designated Counsel, Richard N. Stuckey, Designated Counsel, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Philip A. Cherner, Special Deputy, for defendant-appellant.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

The defendant appeals the trial court's denial of his Crim. P. 35(a) motion to reduce the initial sentence imposed. This appeal was originally filed in the court of appeals, but was transferred to this court which assumed jurisdiction pursuant to section 13-4-110(1)(a), C.R.S. 1973. The issue on appeal is whether the sentence was too harsh in light of the circumstances of the case and the defendant's good behavior subsequent to conviction. We made a preliminary determination that the issue raised by the defendant should be reviewed in this court. Having now had the opportunity to review the entire record, we conclude that the issue as raised by the defendant is not subject to appellate review and we therefore dismiss this appeal.

The defendant was charged and convicted of conspiracy to sell and possession of narcotic drugs with the intent to sell. Sections 12-22-320, 12-22-322 and 18-2-201, C.R.S 1973. He was sentenced to six years imprisonment on the conspiracy count and four to six years on the possession count, both sentences to be served concurrently. The defendant appealed his convictions to the court of appeals alleging reversible error because the trial court restricted cross-examination of a prosecution witness. He did not ask for review of sentence on this appeal. The convictions were affirmed.

During the pendency of that appeal, the defendant was released under an appeal bond. Following the affirmance of his convictions, the defendant filed a Crim. P. 35(a) motion requesting that his sentence be reduced because of his good behavior and his attempt to rehabilitate himself during the pendency of his appeal. A full evidentiary hearing was conducted on the 35(a) motion and extensive testimony was introduced on behalf of the defendant. The trial court, after considering all the testimony and the facts involved in the offenses, determined that the original sentence should stand and that the relief sought in defendant's 35(a) motion was consequently denied. It is from this ruling that the defendant seeks review and reversal by this court.

## I. - Review of Crim. P. 35(a) Proceedings

The court of appeals has reviewed denials of defendants' 35(a) motions in a number of cases. *See People v. Mikkleson,* 42 Colo. App. 77, 593 P.2d 975 (1979), *cert. granted. Mikkleson v. People,* 199 Colo. 319, 618 P.2d 1101 (1980); *People v. McKnight,* 41 Colo. App. 372, 588 P.2d 886 (1978), *cert. granted McKnight v. People,* 199 Colo. 313, 607 P.2d 1007 (1980), *People v. Spann,* 37 Colo. App. 152, 549

P.2d 427 (1975), *rev'd on other grounds,* 193 Colo. 53, 561 P.2d 1268 (1977). Because there is confusion regarding such appeals, clarification is required.

 A 35(a) motion serves three functions: first, it allows a trial court to correct an illegal sentence; second, it allows a trial court to correct a sentence imposed in an illegal manner; and finally, and, most commonly, it allows a trial court

"to reconsider in the interests of justice the sentence previously imposed, in light of all relevant and material factors in the particular case which may or may not have been initially considered by the court . . . ."
*People v. Smith,* 189 Colo. 50, 536 P.2d 820, 822 (1975).

When the trial court rules on a defendant's 35(a) motion, it is a final judgment as to the issue raised. Such rulings, except those where the issue is propriety of sentence as fully discussed later in this opinion, are reviewable on appeal to the appropriate court. *Colo. Const.* Art. VI, Sec. 2 (supreme court jurisdiction); section 13-4-102(1), C.R.S. 1973 (court of appeals jurisdiction); sections 13-6-310 and 13-10-116(2), C.R.S. 1973 (district and superior court jurisdiction). District court denials of 35(a) motions which are appealable are within the appellate jurisdiction of the court of appeals.

The results in *Mikkleson, McKnight,* and *Spann, supra,* arise from an erroneous application of sections 18-1-409(2.1) and (2.2), C.R.S. 1973 (now in 1978 Repl. Vol. 8)[1] and C.A.R. 4(c)(1)[2] in determining court of appeals' jurisdiction in these matters.[3] Each of these provisions places

---

[1] *Subsection (2.1) provides:*
No appellate court shall review any sentence which is imposed within the minimum and maximum punishment if:
(a) For class 2 and class 3 felonies, the minimum sentence imposed is not more than three years greater than the minimum provided for the offense;
(b) For class 4 felonies, the minimum sentence imposed is no more than four years;
(c) For class 5 felonies, the minimum sentence imposed is no more than two years.
*Subsection (2.2) provides:*
There shall be no right to appellate review of sentence where an indeterminate term or the minimum term is imposed.
[2] C.A.R. 4(c)(1) provides in pertinent part:
The appellate court may review only a sentence imposed which is more than three years greater than the minimum sentence provided for that offense.
[3] Subsequent to the trial court's denial of the defendant's Crim. P. 35(a) motion and the filing of this appeal, the General Assembly restructured our entire sentencing scheme to one of presumptive sentencing. Section 18-1-105, C.R.S. 1973 (1978 Supp.) (effective July 1, 1979). As a result, certain language changes were required to bring related statutes and court rules into consistency with this most drastic change in sentencing procedure. Therefore, section 18-1-409, C.R.S. 1973 (now in 1978 Repl. Vol. 8), regarding appellate review of sentences, was modified and divided into sections *18-1-409* and *18-1-409.5,* C.R.S. 1973 (1979 Supp.). *In addition, this court modified Crim. P.* 35(a) and C.A.R. 4(c) (effective November 13, 1979) to account for presumptive sentencing. The opinion deals only with the old sentencing procedures and does not attempt to interpret the new statutory and rule language changes. However, a brief review of these changes seems to indicate little reason to vary our holding today regarding the proper forum and scope of review when a trial court has refused to reduce a sentence under Crim. P. 35.

limitations on appellate review of sentences based upon the severity of the penalty imposed in felony convictions. Only the more severe sentences are subject to a review by an appellate court. These provisions in the law are related only to the regular appellate procedure after judgment of conviction and not after denials of 35(a) motions.

## II. - Scope of Appellate Review

■ Section 18-1-409(1), C.R.S. 1973 (now in 1978 Repl. Vol. 8) and C.A.R. 4(c)(1) make it clear that a defendant is entitled to only one appeal of the *propriety of the sentence.*

■ It must be recognized that when one seeks review of his sentence, there are two fundamental and distinct issues which can be raised. *See* ABA Standards on Criminal Justice §20-3.2; 74 Yale L. Rev. 379 (1964). The first issue involves the *intrinsic* fairness or appropriateness of the sentence itself taking into account "the nature of the offense, the character of the offender, and the public interest." (Herein called "the propriety of the sentence.") Section 18-1-409(1), C.R.S. 1973; C.A.R. 4(c)(1). The second issue involves the *extrinsic* factors and procedures which affect the determination of the sentence. Here, the appellate court considers the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which the sentence was based. (Herein called "the propriety of the sentencing proceeding.") Section 18-1-409(1), C.R.S. 1973. *See also* C.A.R. 4(c)(1).

■ When the legislature enacted section 18-1-409, and this court responded by promulgating C.A.R. 4(c), it was intended that an appellate court should not ordinarily be allowed to substitute its value judgments with respect to the propriety of the sentence for those of the trial court. The power to modify is vested in the executive branch of government. *Colo. Const.* Art. IV, Sec. 7. Nevertheless, it was determined that appellate review would serve a valid purpose when the sentence imposed was relatively severe for the crime committed, and review by an appellate court was permitted in such circumstances.

■ Neither the legislature nor this court ever intended to bar review of the propriety of the sentencing proceeding, *i.e.,* those factors beyond the intrinsic fairness of the sentence, which may have affected the determination of the sentence imposed.[4]

---

[4] In fact, to bar such review would likely be unconstitutional, especially when the error in the sentencing proceeding reaches the level of a denial of due process. For example, an indigent defendant cannot be foreclosed from attacking a sentence where he has not been provided with counsel at the sentencing proceeding. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Nor. can a defendant be deprived of the right to challenge his sentence where he has entered a guilty plea in exchange for the prosecutor's silence at the sentencing hearing, and the trial court then imposes the maximum allowable sentence based upon the recommendation of the prosecutor. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

 The recognition of two separate issues on review of a sentence may seem like a distinction without a difference. Such is not the case. *See generally Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). As the instant case demonstrates, a defendant is only permitted to seek judicial review of the propriety of the sentencing proceeding and not the sentence when appealing a denial of a 35(a) motion. *See People v. Spann,* 37 Colo. App. 152, 549 P.2d 427, 429 (1975) (Kelly, J., dissenting). A defendant is only entitled to appellate review of the propriety of his sentence once. Section 18-1-409, C.R.S. 1973; C.A.R. 4(c)(1). That challenge can only be raised on appeal of his judgment of conviction and then only when the sentence is severe enough under the criteria of section 18-1-409 and C.A.R. 4(c). *See People v. Mikkleson,* 42 Colo. App. 77, 593 P.2d 975, 976-77 (1979) (Kelly, J., specially concurring).

 Consequently, we hold that a defendant has no right to appeal a denial of his Crim. P. 35(a) motion where the issue before the appellate court is the propriety of sentence.

Appeal dismissed.