The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Harvey Dean CAREY, Defendant-Appellant.

No. 83CA0663.

Colorado Court of Appeals, Div. I.

Nov. 23, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied May 28, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

The Law Offices of Steven E. Shinn, Steven E. Shinn, Yuma, for defendant-appellant.

PIERCE, Judge.

Following a plea bargain, defendant was sentenced to the Colorado Department of Corrections for 8 years for attempted second degree murder, and four years for second degree assault, the terms to run concurrently. Defendant seeks review of his judgment of conviction, his sentence, the trial court's denial of his Crim.P. 35(b) motion, and of the court's denial of his motion to vacate judgment. We affirm the orders and judgment of conviction, and dismiss the appeal of the sentence.

At trial before a jury and after direct examination and cross-examination of the prosecution's first witness, defendant agreed to a plea bargain. He entered guilty pleas to the charges of attempted second degree murder and second degree assault and was sentenced on April 23, 1982.

Defendant filed a motion for reconsideration of sentence on August 11, 1982. In defendant's motions, notice of appeal, and brief, he raises issues concerning the propriety of his sentence, the propriety of the sentencing proceedings, the merits of his conviction, and certain procedural aspects of the Crim.P. 35(b) hearing and of his partial trial. Here, in appealing the trial court's denial of his Crim.P. 35(b) motion, defendant again seeks a reduction of his sentence, *i.e.*, he raises the issue of the propriety of the sentence. *See People v. Foster*, 200 Colo. 283, 615 P.2d 652 (1980). Therefore, § 18-1-409(2), C.R.S. (1978 Repl.Vol. 8), and C.A.R. 4(c) govern. *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980).

Defendant also claims error in the court's failure to explain his sentence. Indeed, *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980) requires that the sentencing judge state on the record the basic reasons for imposing the sentence to show consideration of, for example, the gravity of the offense, the defendant's history of prior criminal conduct, the likelihood of future criminality and the prospects of rehabilitation. However, these considerations go to the appropriateness of the sentence itself. The failure to explain the sentence does not go to the legality of the sentence. *People v. Watkins, supra.* Therefore, again, § 18-1-409(2), and C.A.R. 4(c) govern. *People v. Malacara, supra.*

Section 18-1-409(2), C.R.S. (1978 Repl. Vol. 8) states:

"No appellate court shall review any sentence which is imposed unless, within 30 days after sentence is imposed, a written notice is filed in the trial court to the effect that review of the sentence will be sought; said notice must state the grounds upon which it is based."

C.A.R. 4(c)(1)(II)(A), in effect at the time, also contained a similar 30-day requirement (amended to 45 days, effective September 1, 1984).

The record is devoid of any evidence that the notice required by § 18-1-409(2) or C.A.R. 4(c) was filed by defendant. Appel-

late review of the propriety of the defendant's sentence, therefore, is foreclosed.

■ Additionally, defendant's contention that the sentence imposed is excessive, is not reviewable. Except for the statutory review discussed above, determination of a sentence is left to the discretion of the trial court, within the bounds provided by the General Assembly. *McKnight v. People,* 199 Colo. 313, 607 P.2d 1007 (1980). Defendant's appeal of the sentence imposed, therefore, is dismissed.

■ Defendant's challenge regarding ineffective assistance of counsel at the sentencing hearing is a challenge to the propriety of the sentence proceedings and thus is appropriate for appellate review. *People v. Malacara, supra.* However, defendant's contentions in this regard are unsupported by the record.

Similarly, defendant's challenge of his conviction on the basis that he was improperly advised, although proper for appellate review, is unsupported by the record.

■ Defendant's procedural challenges to the denial of his Crim.P. 35(b) motion are also proper for appellate review. For the first time in his appellate brief he argues that he was denied a fair hearing because it was held in his absence and further asserts error in that the court failed to make any written findings as to the reasons the motion was denied. These alleged deficiencies, however, do not constitute error. In considering the motion for sentence reduction, no evidentiary hearing was necessary. Therefore, neither defendant's presence, nor written court findings were required. *Hooker v. People,* 173 Colo. 226, 477 P.2d 376 (1970); Crim.P. 35(b).

Finally, defendant's remaining contention as to the People's motion in limine lacks merit.

The appeal of the sentence is dismissed; the trial court's orders and judgment of conviction are affirmed.

VAN CISE and TURSI, JJ., concur.