The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Deanna SCOFIELD, Defendant–Appellant.

No. 01CA1292.

Colorado Court of Appeals, Div. V.

Dec. 5, 2002.

Rehearing Denied April 3, 2003.

Certiorari Denied Aug. 4, 2003.

Ken Salazar, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Stefani Goldin, Loveland, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Deanna Scofield, appeals the sentence imposed following the judgment of conviction entered upon her guilty plea to child abuse. We dismiss the appeal.

Pursuant to a plea agreement, defendant pleaded guilty to an amended count of felony child abuse in exchange for the dismissal of the original charge against her. The parties also stipulated that the court could find that aggravating circumstances existed and that defendant would receive a sentence of between two and sixteen years in the Department of Corrections (DOC). Pursuant to the agreement, the court sentenced defendant to fourteen years in the DOC.

Defendant contends that the court abused its discretion in sentencing her to fourteen years in the DOC. The People contend that defendant's appeal is barred by § 18–1–409(1), C.R.S.2002, and is not properly before us. We agree with the People and therefore dismiss the appeal.

Section 18–1–409(1) provides for appellate review of the propriety of a sentence except where the sentence imposed is "within a range agreed upon by the parties pursuant to a plea agreement." Here, defendant seeks review of the propriety of a sentence imposed within the limits for which she bargained. Under § 18–1–409(1), she is precluded from doing so. *See People v. Garcia,* 55 P.3d 243 (Colo.App.2002); *People v. O'Dell,* 53 P.3d 655 (Colo.App.2001).

Nevertheless, defendant argues that she was not sentenced within a range agreed upon pursuant to a plea agreement because the range stipulated to in the agreement coincides with the sentencing range for a class four felony if aggravating circumstances are found pursuant to § 18–1.3–401(6), C.R.S.2002. Because the agreement does not alter the existing statutory range and does not confer a sentencing benefit upon her, defendant argues that § 18–1–409(1) does not apply to her. We disagree.

■ Here, the first paragraph of the plea agreement sets forth the possible penalties for a class four felony: "incarceration of 2 to 8 years in the presumptive range, or up to 16 years if aggravated circumstances exist." The next paragraph of the plea agreement states

[t]hat as to sentencing on the defendant's plea of guilty to Amended Count I, the Parties stipulate that the defendant will receive a Department of Corrections sentence in the range of 2 to 16 years. The Parties further agree that the Court can find aggravating circumstances based upon injuries to the child.

■ Although the agreed upon sentencing range is the same as the aggravated sentencing range for a class four felony, the specified sentencing range was still that expressly agreed upon by the parties in exchange for defendant's guilty plea. Section 18–1–409(1)

does not require that the sentencing range or cap agreed to by the parties confer a sentencing benefit or concession on the defendant. Moreover, defendant received the concession of having the original charge against her, a class three felony, dismissed. Also, contrary to defendant's argument, the agreement alters the presumptive sentencing range by stipulating that defendant may be sentenced in the aggravated range.

Contrary to defendant's contention, *People v. O'Dell, supra,* is distinguishable. There, a division of this court held that § 18-1-409(1) does not bar appellate review of a sentence simply because a defendant is advised at the providency hearing of the range of penalties applicable to the offense to which he or she is pleading guilty. Here, in addition to the advisement regarding the sentencing range, the parties expressly agreed that defendant would be sentenced within the aggravated sentencing range for a class four felony.

Therefore, because the sentence imposed was "within a range agreed upon by the parties pursuant to a plea agreement," defendant is precluded from challenging the propriety of her sentence on appeal.

Accordingly, the appeal is dismissed.

Judge ROTHENBERG and Judge WEBB concur.