23CA0439 Peo v Perez-Duarte 04-17-25

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0439
City and County of Denver District Court No. 21CR660
Honorable Jay S. Grant, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jose A. Perez-Duarte,

Defendant-Appellant.

APPEAL DISMISSED

Division IV
Opinion by JUDGE GROVE
Harris and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 17, 2025

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ruth Summers, Alternate Defense Counsel, Amelia Power, Alternate Defense
Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Jose A. Perez-Duarte, appeals the sentence imposed following his guilty plea to one count of second degree murder. Because his guilty plea precludes his challenge, we dismiss the appeal.

## I.    Background

¶ 2    Perez-Duarte participated in an attempted robbery during which the victim was fatally shot. He was charged with first degree murder after deliberation and first degree felony murder. He ultimately pleaded guilty to second degree murder in exchange for dismissal of the original charges. In the plea agreement, he stipulated to a sentencing range of thirty to forty-eight years in the custody of the Department of Corrections (DOC).

¶ 3    Before sentencing, defense counsel submitted to the trial court a biopsychosocial history report, a neuropsychological evaluation, a memorandum regarding sentencing comparisons, and a Restorative Justice Practices Assessment. The court indicated at sentencing that it had reviewed these documents.

¶ 4    At sentencing, the trial court heard arguments from the attorneys, statements from the individual who conducted the

Restorative Justice Practices Assessment, and Perez-Duarte's letter to the victims as read by him.

¶ 5     The trial court indicated that it had to consider certain factors under section 18-1-102.5, C.R.S. 2024, in making its sentencing determination:

> As a Judge, . . . I am to consider certain factors. It's not an exclusive list of things, but I . . . am to consider certain things when I impose a sentence, and these are found in [section] 18-1-102.5 of our statutes.
>
> Those include that I impose a sentence which is in relation to the seriousness of the offense, I impose a sentence that is consistent with others who are similarly situated in terms of that offense, I impose a sentence that hopes to promote respect for the law and act as a deterrence from future criminal actions, impose a sentence that promotes rehabilitation, impose a sentence that having considered the individual — the Defendant's individual characteristics, and finally, a sentence that promotes responsibility and accountability.
>
> I think — I also consider the criminal history of a Defendant, the lack of criminal history, the age of the Defendant, as well.

¶ 6     The court then commented on Perez-Duarte's accountability for his actions:

> [The prosecutor] had touched on taking a grain of salt with the . . . writings of the Defendant, having met with the Restorative Justice person, and I get what she's saying there. This could all be just a ruse or it could be sincere and from the heart.
>
> However, it occurs to the Court that there is some accountability, there's some acceptance of the actions of . . . Mr. Perez-Duarte and what he engaged in that night. And so the Court definitely takes . . . into consideration, that.

¶ 7 Considering the totality of the circumstances and the factors under section 18-1-102.5, as well as Perez-Duarte's lack of criminal history and age, the trial court sentenced him to forty-three years in the custody of the DOC with a five-year period of mandatory parole. This appeal follows.

## II. Legal Authority and Standard of Review

¶ 8 Section 18-1-409(1), C.R.S. 2024, guarantees a person convicted of a felony offense the right to one appellate review of "the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." A review of the propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980).

¶ 9     Section 18-1-409(1) also provides for one appellate review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." A review of the manner in which the sentence was imposed "involves the extrinsic factors and procedures which affect the determination of the sentence." *Malacara*, 606 P.2d at 1303.

¶ 10    But "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." § 18-1-409(1). This exception to the right to appellate review is referred to as the "plea proviso." *Sullivan v. People*, 2020 CO 58, ¶ 1. While the plea proviso, if applicable, bars review of the propriety of the sentence, it does not bar review of the manner in which the sentence was imposed. *Id.* at ¶ 26.

¶ 11    When imposing a sentence, a district court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the development of respect for the law, the deterrence of crime, and the protection of the public. *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009); *People v. Thoro*

4

*Prods. Co.*, 45 P.3d 737, 748 (Colo. App. 2001), *aff'd*, 70 P.3d 1188 (Colo. 2003); *see also* § 18-1-102.5 (listing the purposes of sentencing, including the "fair and consistent treatment of all convicted offenders" and the promotion of "acceptance of responsibility and accountability by offenders").

### III.   Analysis

¶ 12     Perez-Duarte contends that the trial court failed to consider essential sentencing factors and state on the record the basic reasons for imposing his sentence.  Specifically, he asserts that the court did not consider (1) mitigating circumstances, such as his trauma history, developmental deficits, multiple untreated mental health diagnoses, and Restorative Justice Practices Assessment; (2) his potential for rehabilitation; and (3) whether the imposed sentence constituted fair and consistent treatment of similarly situated offenders.  He also asserts that the court erroneously considered the prosecution's unsupported argument that his remorse and accountability were not genuine.  He argues that his appeal should not be barred by the plea proviso because it implicates the manner in which the sentence was imposed.

¶ 13    We are not convinced.  Perez Duarte's challenge to the adequacy of the trial court's consideration of the sentencing factors, including his level of accountability is, at its core, a challenge to the *weight* accorded various sentencing factors, which implicates the "intrinsic fairness or appropriateness" of his sentence.  *Sullivan*, ¶ 13 ("'[T]he propriety of the sentence,' implicates 'the intrinsic fairness or appropriateness of the sentence itself taking into account "the nature of the offense, the character of the offender, and the public interest."'" (quoting *Malacara*, 606 P.2d at 1302-03)); *People v. Carey*, 701 P.2d 89, 90 (Colo. App. 1984) (Considerations such as "the gravity of the offense, the defendant's history of prior criminal conduct, the likelihood of future criminality, and the prospects of rehabilitation . . . go to the appropriateness of the sentence itself.").  Moreover, Perez-Duarte fails to identify any "extrinsic factors and procedures" that "affect[ed] the determination of the sentence" in order to assert a challenge to the manner in which his sentence was imposed.  *Malacara*, 606 P.2d at 1303.

¶ 14    Therefore, because Perez-Duarte's sentence did not exceed the forty-eight-year sentencing cap the parties agreed to in the plea agreement, we conclude that the plea proviso bars our review of this

appeal. *See People v. Scofield*, 74 P.3d 385, 386-87 (Colo. App. 2002) (dismissing the appeal under section 18-1-409(1) because the defendant sought review of the propriety of her sentence, which was within the range agreed upon by the parties in the plea agreement).

## IV. Disposition

¶ 15　　The appeal is dismissed.

JUDGE HARRIS and JUDGE PAWAR concur.