23CA0412 Peo v Hagan 07-03-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0412
Adams County District Court No. 21CR1519
Honorable Priscilla J. Loew, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Tyler James Hagan,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND SENTENCE AFFIRMED

Division II
Opinion by JUDGE FOX
Harris and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 3, 2025

Philip J. Weiser, Attorney General, Sonia Raichur Russo, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Andrew Gargano, Alternate
Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Tyler James Hagan, appeals the district court's sentencing order. We dismiss the appeal in part and otherwise affirm the sentence.

## I.     Background

¶ 2     Hagan, a man in his late twenties, had sexual intercourse with his underage niece, E.H., many times over several years. E.H. became pregnant when she was fourteen years old, and she delivered Hagan's child. Hagan was later charged with four felonies, including one count of sexual assault on a child (SAOC) as part of a pattern of sexual abuse — a class 3 felony. In exchange for dismissal of the remaining charges, he pleaded guilty to one count of attempted SAOC and one added count of second degree assault — class 5 and class 4 felonies, respectively.

¶ 3     Although Hagan's convictions carry an aggregate statutory sentencing range of five to twenty-two years in the custody of the Department of Corrections (DOC), the parties stipulated to a sentencing range of five to sixteen years. *See* §§ 18-3-203(1)(g), 18-3-405(1), 18-2-101, 18-1.3-401(1)(a)(V)(A)-(A.1), (6), (8)(a)(I), (10)(b)(XII), 18-1.3-406(2)(a)(II)(c), C.R.S. 2024. The district court imposed a fifteen-year DOC sentence.

¶ 4 Hagan appeals, contending that when the district court crafted his sentence, it improperly (1) emphasized aggravating over mitigating sentencing factors and (2) considered inaccurate and inapplicable information. The People argue that Hagan's first contention is not reviewable because he was sentenced within the range specified in his negotiated plea agreement and that the record refutes his second contention. We agree with the People.

## II. Sentencing Factors

¶ 5 Section 18-1-409(1), C.R.S. 2024, guarantees a person convicted of a felony offense the right to one appellate review of "the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." A review of the propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980). But "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." § 18-1-409(1). This exception to the right to appellate review is referred to as the "plea proviso." *Sullivan v. People*, 2020 CO 58, ¶ 1.

¶ 6    Hagan alleges that the district court improperly emphasized his criminal history and noncompliance with previous court orders, while discounting that this was his first felony conviction; he has support in the community; and he had recently been compliant with probation, protection orders, and treatment. This challenge to the court's consideration of sentencing factors is, at its core, a challenge to the weight accorded various sentencing factors, which implicates the "intrinsic fairness or appropriateness" of his sentence. *See Malacara*, 606 P.2d at 1302-03; *Sullivan*, ¶ 13; *see also People v. Carey*, 701 P.2d 89, 90 (Colo. App. 1984) (Considerations such as "the gravity of the offense, the defendant's history of prior criminal conduct, the likelihood of future criminality, and the prospects of rehabilitation . . . go to the appropriateness of the sentence itself.").

¶ 7    Because Hagan's first contention challenges the propriety of his sentence, which is within the range contemplated by the plea agreement, we conclude that the plea proviso bars our review of this contention. *See People v. Scofield*, 74 P.3d 385, 386-87 (Colo. App. 2002) (dismissing the appeal under section 18-1-409(1) because the

defendant sought review of the propriety of her sentence, which was within the agreed-upon range in the plea agreement).

## III.    Information Considered

¶ 8    Next, Hagan contends that the district court improperly used two types of information in deciding his sentence.  First, he argues that the court relied on inaccurate findings about his criminal history.  And second, he argues that it used information about a separate crime as a basis for his sentence, violating his constitutional right against double jeopardy.  We reject both arguments because the record demonstrates that the district court crafted Hagan's sentence based on accurate information and appropriate considerations.

### A.    Applicable Law and Standard of Review

¶ 9    Although the plea proviso in section 18-1-409(1) limits our review of the propriety of the *sentence itself* under the circumstances of this case, it permits our review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based."  In other words, it permits our review of the propriety of the *sentencing proceeding.  Sullivan,* ¶ 4.  A review of the manner in which the

4

sentence was imposed "involves the extrinsic factors and procedures which affect the determination of the sentence." *Malacara*, 606 P.2d at 1303.

¶ 10  A district court has broad discretion when imposing a sentence, and we will not overturn the sentence imposed absent a clear abuse of that discretion. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). Sentencing determinations must be based on reliable evidence, not speculation or unfounded allegations. *People v. Tuffo*, 209 P.3d 1226, 1231 (Colo. App. 2009). A court may, however, "consider conduct for which the offender was never charged, conduct for which charges were filed but later dismissed as part of a plea agreement, or even conduct for which the offender was charged and subsequently acquitted." *People v. Tallwhiteman*, 124 P.3d 827, 837 (Colo. App. 2005).

¶ 11  "If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record and is factually supported by the circumstances of the case, an appellate court must uphold the sentence." *Fuller*, 791 P.2d at 708.

## B. Hagan's Criminal History

¶ 12    Hagan challenges the district court's finding that he had "consistent law enforcement contact and convictions and a lack of compliance." He suggests that this finding is inaccurate because (1) for four years, he had only traffic and protection-order-related offenses that resulted in fines; and (2) during certain windows of time, he "did well" on probation.

¶ 13    We discern ample evidence in the record to support the challenged finding. The district court relied on the Presentence Investigation Report (PSIR), which Hagan did not dispute. The PSIR shows that Hagan was charged with criminal misdemeanors, a drug felony, and a felony in eight other cases in 2015, 2017, 2020, 2021 and 2022. In four of the cases, the charges included violation of a protection order, establishing a lack of compliance with court orders. Hagan pleaded guilty in five cases, and in three of them he was sentenced to probation. His probation was revoked multiple times, establishing a history of noncompliance with probation.

## C. Double Jeopardy

¶ 14    Next, Hagan speculates that the district court "effectively imposed a harsher sentence upon him in this case as a means to

indirectly punish him" for a harassment conviction in a separate case. He points to the following facts:

- Hagan's probation revocation resentencing hearing for the harassment case was combined with the sentencing hearing in this case.

- The victim in the harassment case, N.B., who was also the first person to report Hagan's sexual assault of E.H. to police, spoke at the hearing.

- During her statement, N.B. described her harassment-related experiences with Hagan, in addition to the circumstances of E.H.'s disclosure that Hagan was the father of her baby and how she reported the disclosure to police.

- N.B. noted that she had witnessed Hagan "be given leniency" by the courts and yet he repeatedly violated protection orders and probation conditions.

- N.B. asked the court to give Hagan the maximum prison sentence.

- The district court imposed a sentence that was close to the maximum of the stipulated range.

7

¶ 15 The record refutes Hagan's argument that the district court inappropriately considered facts from the harassment case in imposing a sentence for this case. The court explicitly stated that although it had "heard about more facts" than those in this case, it found "very aggravating facts . . . just in considering the facts as it relates to the victim in this case." The court then listed the aggravating facts related only to this case: Hagan's ongoing manipulation of E.H., E.H.'s youth, the years-long duration of sexual assaults, Hagan's position of trust role, and the fact that Hagan impregnated E.H. It said nothing to suggest that facts from the harassment case factored into its sentence for this case.

¶ 16 Because Hagan's sentence is legal, based on appropriate considerations in the record, and factually supported, we will not disturb it. *See id.*

## IV. Disposition

¶ 17 The appeal is dismissed in part, and the sentence is affirmed.

JUDGE HARRIS and JUDGE SCHUTZ concur.