24CA1026 Peo v Livingston 03-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1026
City and County of Denver District Court No. 23CR2270
Honorable Karen L. Brody, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Michael M. Livingston,

Defendant-Appellant.

APPEAL DISMISSED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Chloe Sovinee-Dyroff, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1 Defendant, Michael M. Livingston, appeals the sentence imposed following his guilty plea to retaliation against a judge. Because his guilty plea precludes his challenge, we dismiss the appeal.

## I. Background

¶ 2 A municipal court judge held Livingston in direct contempt during a sentencing hearing in a harassment case. The court sentenced him to two days in jail for contempt in addition to one year of unsupervised probation for the harassment conviction. Eighteen months later, Livingston was charged with one count of retaliation against a judge based on allegations that he threw large rocks, with the words, "Fuck You Peter," at the home of the municipal court judge who had sentenced him, causing property damage.

¶ 3 Livingston pleaded guilty as charged. As part of a plea agreement, he stipulated to a sentencing range of not more than four years in the custody of the Department of Corrections (DOC), with probation as an available sentencing alternative.

¶ 4 Before the sentencing hearing, defense counsel submitted to the district court the transcript of the sentencing hearing from the

municipal court case as well as letters from Livingston's father, mother, and sister.

¶ 5    At the sentencing hearing, the district court indicated that it had reviewed the documents provided by defense counsel. After hearing from the parties, Livingston, the municipal court judge, and the municipal court judge's wife, the district court imposed a four-year DOC sentence. The court said that it "appreciate[d]" Livingston's comments and apologies. But it observed that this was not "just a criminal mischief type [of] case." To the contrary, the court stated, this was "a very aggravated case" where "eighteen months went by before retaliation occurred which suggest[ed] that there was a long period of time thinking about . . . [and] plotting this." Considering the totality of the circumstances, the court found that the "serious community safety concerns" created by Livingston's conduct warranted a prison sentence.

## II.    Discussion

¶ 6    Livingston asserts that, in fashioning his sentence, the district court erred by failing to consider all the purposes of sentencing contemplated in the sentencing statute. The People counter that

Livingston challenges the propriety of his sentence, which, on these facts, we may not review. We agree with the People.

## A.  Legal Authority

¶ 7  Section 18-1-409(1), C.R.S. 2025, guarantees a person convicted of a felony offense the right to one appellate review of "the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." A review of the propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Malacara*, 606 P.2d 1300, 1302-03 (Colo. 1980).

¶ 8  Section 18-1-409(1) also provides for one appellate review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." A review of the manner in which the sentence was imposed "involves the extrinsic factors and procedures which affect the determination of the sentence." *Malacara*, 606 P.2d at 1303.

¶ 9  But "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the propriety of the sentence." § 18-1-409(1). This exception to the right to appellate review is referred

to as the "plea proviso." *Sullivan v. People*, 2020 CO 58, ¶ 1. If the plea proviso applies, it bars review of the propriety of the sentence, but it does not bar review of the manner in which the sentence was imposed. *Id.* at ¶ 26.

¶ 10    When imposing a sentence, a district court must consider the nature and elements of the offense, the character and rehabilitative potential of the offender, any aggravating or mitigating circumstances, the development of respect for the law, the need for deterrence, and the protection of the public. *People v. Leske*, 957 P.2d 1030, 1043 (Colo. 1998); *see also* § 18-1-102.5, C.R.S. 2025 (listing the purposes of the criminal code with respect to sentencing).

## B.    Analysis

¶ 11    Livingston contends that the district court failed to consider all the purposes of sentencing set out in section 18-1-102.5, including his rehabilitative potential, low risk of re-offending, and personal characteristics, including his mental health concerns. Instead, he argues, the court focused "exclusively on the seriousness of the offense." He argues that his appeal should not

be barred by the plea proviso because his arguments implicate the manner in which the sentence was imposed.

¶ 12     We are not convinced. Livingston's challenge to the adequacy of the district court's consideration of the sentencing factors is, at its core, a challenge to the *weight* accorded to various sentencing factors, which implicates the intrinsic fairness or appropriateness of his sentence. *Sullivan,* ¶ 13 ("'[T]he propriety of the sentence,' implicates 'the intrinsic fairness or appropriateness of the sentence itself taking into account "the nature of the offense, the character of the offender, and the public interest."'" (quoting *Malacara,* 606 P.2d at 1302-03)); *People v. Carey,* 701 P.2d 89, 90 (Colo. App. 1984) (Considerations such as "the gravity of the offense, the defendant's history of prior criminal conduct, the likelihood of future criminality and the prospects of rehabilitation . . . go to the appropriateness of the sentence itself."); *cf. People v. Garcia,* 55 P.3d 243, 244 (Colo. App. 2002) (concluding that the plea proviso in section 18-1-409(1) barred the defendant's appellate contention that the district court abused its discretion by emphasizing punishment to the exclusion of other sentencing factors).

¶ 13    Moreover, despite Livingston's assertion that his challenge is to the sufficiency and accuracy of the information on which the sentence was based, he fails to explain why the information provided to the court (which contained evidence of his rehabilitative potential, risk of reoffending, mental health concerns, and character) was insufficient or inaccurate. The district court expressly considered the parties' arguments and the victims' statements but also considered the presentence investigation report and the letters and transcript that defense counsel submitted.

¶ 14    Therefore, because Livingston's sentence did not exceed the four-year sentencing cap the parties agreed to in the plea agreement, we conclude that the plea proviso bars our review of this appeal. *See People v. Scofield*, 74 P.3d 385, 386-87 (Colo. App. 2002) (dismissing the appeal under section 18-1-409(1) because the defendant sought review of the propriety of her sentence, which was within the range agreed upon by the parties in the plea agreement).

III.    Disposition

¶ 15    The appeal is dismissed.

JUDGE YUN and JUDGE SCHOCK concur.