**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Eric Dwayne JENKINS, Defendant-Appellant.**

Nos. 82CA0678, 82CA0845.

Colorado Court of Appeals, Div. II.

July 14, 1983.

Rehearing Denied Aug. 4, 1983.

Certiorari Granted Dec. 19, 1983.

J.D. MacFarlane, Atty. Gen., Charles Howe, Deputy Atty. Gen., Joel Cantrick, Sol. Gen., Susan L. Foreman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

The defendant, Eric Dwayne Jenkins, was sentenced to eight years in prison plus one year of parole following his plea of guilty to a charge of theft by receiving, a class 4 felony. Because this sentence exceeded the presumptive range of two to four years plus one year of parole established by § 18–1–105(1)(a), C.R.S.1973 (1982 Cum.Supp.) for class 4 felonies, there was an automatic non-adversary appellate review in this court, under C.A.R. 4(d)(3) and (4), pursuant to § 18–1–409.5, C.R.S.1973 (1980 Cum.Supp.) (repealed Colo.Sess.Laws 1981, p. 969). The sentence was approved in *People v. Jenkins,* (Colo.App. No. 82CA1434, announced January 27, 1983) (not selected for official publication).

Jenkins now appeals the trial court's denial of his Crim.P. 35(c) motion attacking the sentence. In this appeal we have the benefit of appellate briefs and argument which, by definition, were not available to the division of this court that approved the sentence in the automatic non-adversary review. Based thereon, we reach a different conclusion than did that division, and vacate the sentence and remand for resentencing to a term within the presumptive range.

Jenkins contends that sentencing him to a term beyond the two to four year presumptive range was an abuse of discretion. He argues that the basis relied upon for imposing a sentence beyond the presumptive range, a term twice the statutory maximum, was insufficient. We agree.

The offense in question arose from Jenkins' involvement in the theft of some $50 in coins from a washing machine located in the laundry room of an apartment house. At the time of sentencing, Jenkins was 19-years-old. He had been arrested and charged with respect to five felonies within a nine-month period, including an arrest while on probation in a previous case and while he was free on bond in this case. Adopting the recommendation of the arresting officer and of the probation department, the court quoted from the presentence report: "because of the number of serious crimes committed in such a short span of time, I feel that the defendant has adopted crime as a lifestyle."

 Considerable sentencing discretion is reposed in trial courts. *People v. Hotopp*, 632 P.2d 600 (Colo.1981). However, that discretion is not without limits. *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (Colo. 1980). Appellate courts are charged by statute to consider the nature of the offense, the character of the offender, and the public interest in safety and deterrence when reviewing sentences for excessiveness. Section 18–1–409(1), C.R.S.1973 (1982 Cum. Supp.). *People v. Edwards*, 198 Colo. 52, 598 P.2d 126 (1979).

 An extended period of confinement is sometimes necessary to protect the public from further criminal activity when past patterns of conduct indicate a defendant is a serious danger to society. *Flower v. People*, 658 P.2d 266 (Colo.1983). But, it is also important that a sentence bear some relationship to the severity of the offense so that the penalty balances the need for public protection, the defendant's potential to lead a constructive life in the future, and the severity of the offense for which the defendant is being sentenced. *See People v. Martinez*, 628 P.2d 608 (Colo.1981); *People v. Watkins, supra; People v. Edwards, supra.* Any imposition of the maximum penalty must be supported by sound reasons in the record, which indicate that punishment, deterrence, and protection of society override the competing purposes of our sentencing statutes. *People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976).

An analysis of cases where a defendant's prior criminal record was held to constitute extraordinary aggravating circumstances, justifying a sentence beyond the presumptive range, reveals significant differences between those cases and this one. In *People v. Gonzales*, 44 Colo.App. 411, 613 P.2d 905 (1980), a sentence beyond the presumptive range was approved for a defendant whose record included at least five felony convictions, including two counts of aggravated robbery, and a conviction of rape. And, Gonzales had served lengthy terms in penitentiaries of other states for these crimes.

In *People v. Cantwell*, 636 P.2d 1313 (Colo.App.1981) a sentence beyond the presumptive range was upheld where the defendant's record included three prior felony convictions. Similarly, in *People v. Phillips*, 652 P.2d 575 (Colo.1981) a sentence beyond the presumptive range for first degree sexual assault was upheld. Phillips' past record included a rape conviction, he had served a prison term, and a sexual assault charge was dismissed as a result of plea bargaining in the case appealed. In *Flower v. People, supra,* a sentence beyond the presumptive range was approved for a defendant who had "at least six prior felony convictions."

In contrast with these cases which approved sentences beyond the presumptive range, here we have a 19-year-old who had been convicted but once. The other charges against him are all in the accusatory stage. These alleged crimes do not charge offenses involving violence against persons. Also, in significant contrast to the above cases, Jenkins had not been incarcerated prior to this offense, and thus, had not been exposed to whatever rehabilitative or deterrent effect incarceration may have.

 While other charges pending against a defendant but dismissed at the time of a plea may properly be considered by a sentencing court, *People v. Lowery*, 642 P.2d 515 (Colo.1982), we conclude that the record here was not such as to serve as

a predicate for a finding of extraordinary aggravating circumstances justifying a sentence beyond the presumptive range. The criminal activities of this youthful defendant and his committing an offense while on parole could properly be considered as "aggravating circumstances," justifying a sentence at the higher end of the presumptive range. They do not, however, serve as a basis for a finding of "extraordinary aggravating circumstances," necessary to justify a sentence beyond the presumptive range.

The sentence is vacated and the cause is remanded for resentencing to a term within the legislatively prescribed presumptive range.

PIERCE and SMITH, JJ., concur.