**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Eric Dwayne JENKINS, Respondent.**

**No. 83SC319.**

Supreme Court of Colorado,
En Banc.

Sept. 17, 1984.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for respondent.

PER CURIAM.

We granted certiorari to review the resentencing order in *People v. Jenkins*, 674 P.2d 981 (Colo.App.1983). The defendant's eight year sentence for theft by receiving was originally approved by the court of appeals in a nonadversary proceeding pursuant to section 18–1–409.5, 8 C.R.S. (1980 Supp.) (*repealed* Colo.Sess.Laws 1981, ch. 210, p. 969); C.A.R. 4(d)(3) and (4). Thereafter, he filed a motion for post-conviction relief pursuant to Crim.P. 35(c), which was denied by the district court. On appeal of the denial of his Crim.P. 35(c) motion, the court of appeals vacated the sentence, concluding that the district court abused its discretion because there was an insuffi-cient basis upon which to sentence the defendant to a term that was twice the statutory maximum. We view this case as an effort to obtain a second appellate review of the propriety of the defendant's sentence which is prohibited by *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980), and therefore reverse.

In *Malacara*, we delineated two distinct types of issues which can be raised on an appellate review of a sentence. The first type relates to "the propriety of the sentence" and involves the intrinsic fairness or appropriateness of the sentence itself. The second type goes to the "the propriety of the sentencing proceeding" and encompasses those extrinsic factors and procedures which arguably affected the fairness of the sentencing hearing. 199 Colo. at 247, 606 P.2d at 1302–03. *Malacara* held that a defendant is only entitled to one appellate review of the propriety of the sentence, and once the issue is resolved on appeal, he cannot thereafter appeal the denial of a post-conviction motion which raises for a second time the propriety of the sentence previously imposed. 199 Colo. at 248, 606 P.2d at 1303. We have consistently followed *Malacara* in subsequent cases. *E.g.*, *People v. Dennis*, 649 P.2d 321 (Colo.1982); *People v. Lopez*, 624 P.2d 1301 (Colo.1981); *People v. Foster*, 200 Colo. 283, 615 P.2d 652 (1980); *McKnight v. People*, 199 Colo. 313, 607 P.2d 1007 (1980).

In this case, the defendant's Crim.P. 35(c) motion is basically a replication of the identical issue resolved by the court of appeals in its first nonadversary review. Because the court of appeals in that opinion held that there was ample evidence to support the sentencing court's finding of extraordinary aggravating circumstances, the defendant is not entitled to obtain appellate review of the sentencing judge's denial of a post-conviction motion raising the identical issue. Our decision in *Malacara*, therefore, deprived the court of appeals of jurisdiction to entertain the defendant's second appeal involving the propriety of his eight year sentence.

The judgment of the court of appeals is reversed.

Colorado Court of Appeals,
Div. III.