The **PEOPLE** of the State of Colorado,
Plaintiff-Appellee,

v.

Michael Phillip **PIRO**,
Defendant-Appellant.

No. 83CA1420.

Colorado Court of Appeals,
Div. III.

April 18, 1985.

Rehearing Denied May 16, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Law Offices of John G. Salmon, P.C., Donna A. Salmon, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Michael Phillip Piro, appeals the concurrent sentences of eight years and two years imposed following his conviction for sexual abuse of a fourteen-year-old child and conspiracy to commit sexual abuse of a child, respectively. The eight-year sentence was twice the presumptive maximum of four years for a class 4 felony. We affirm.

This is defendant's second appeal of his sentence. In *People v. Piro*, 671 P.2d 1341 (Colo.App.1983) (*Piro I*), we affirmed defendant's convictions but remanded for a further hearing on the sentencing issue, holding that the trial court's findings were insufficient to inform us as to the extent of its consideration of any extraordinary mitigating circumstances in sentencing defendant beyond the presumptive range. *See* §§ 18-1-105(1)(b) and (6), C.R.S. (1984 Cum.Supp.). The facts pertinent to this appeal are essentially the same as those set out in *Piro I*, and the trial court's sentence is identical to the sentence which formed the basis of that appeal.

Defendant contends here that the sentence he received was excessive, and was thus an abuse of discretion by the trial court. He argues that the trial court either did not consider or did not accord proper weight to the mitigating circumstances of his case, and that the extraordinary aggravating circumstances cited by the court as justification for the sentence were either not extraordinary or not supported by the record. We disagree.

 As we noted in *Piro I*, sentencing is by its nature a discretionary function, and the trial court is accorded wide latitude in its decisions on such matters. *People v. Phillips*, 652 P.2d 575 (Colo.1982). However, the trial court's discretion is not unlimited. *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980).

In imposing a sentence, the trial court must balance the nature and elements of the offense, the character and record of the offender, and any aggravating or mitigating circumstances present, in its attempt to meet the goals of punishment, fair and consistent treatment, deterrence, and rehabilitation. *See* §§ 18-1-105(1)(b) and 18-1-102.5, C.R.S. (1984 Cum. Supp.). The court may not place undue emphasis on any one of these factors, to the exclusion of the others. *People v. Martinez*, 628 P.2d 608 (Colo.1981). Furthermore, the sentence must bear some proportionality to the crime for which it is imposed. Section 18-1-102.5(1)(a), C.R.S. (1984 Cum.Supp.); *People v. Jenkins*, 674 P.2d 981 (Colo.App.1983), *rev'd on other grounds*, 687 P.2d 455 (Colo.1984); *People v. Martinez, supra.*

On remand, the trial court, in a lengthy sentencing statement, listed as mitigating factors defendant's lack of any prior criminal involvement, the need for him

to provide for his family, and his background as a responsible citizen.

However, the trial court determined that the frequency and circumstances surrounding the incidents of sexual contact between the defendant and the victim constituted aggravating circumstances. They included both sexual intercourse and fellatio totalling two to three times a week for a period of several months. These contacts commenced in the presence of and with the encouragement of the victim's mother. The victim became emotionally attached to the defendant, and he did nothing to put that relationship on a healthy basis, notwithstanding the disparity in their ages.

We conclude that the trial court's findings are well-supported by the record and reflect a proper balancing of mitigating and aggravating factors, and that the court did not, as defendant asserts, place undue emphasis on any one factor to the exclusion of others.

Accordingly, the sentence is affirmed.

STERNBERG, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

With the adoption of the criminal code by the General Assembly in 1971, persons convicted and sentenced for commission of a felony were given the right to one appellate review of the propriety of the sentence. Section 18–1–409(1), C.R.S. (1978 Repl.Vol. 8). As a necessary consequence, this right imposes an obligation upon appellate courts to make good faith examinations of the propriety of sentences.

In 1979 the General Assembly adopted a scheme of presumptive sentences for persons convicted of felonies. Section 18–1–105(1)(a), C.R.S. (1984 Cum.Supp.). Here, defendant was convicted of sexual abuse of a child. This crime is a class four felony in that it was committed between July 1, 1979, and July 1, 1984, and thus, the presumptive range for imposition of sentence is two to four years, plus one year of parole. See § 18–1–105(1)(a)(I), C.R.S. (1984 Cum.Supp.) However, if the trial court finds extraordinary aggravating circumstances, it may impose a sentence up to twice the maximum term authorized in the presumptive range, and if it finds extraordinary mitigating circumstances it may impose a sentence less than that authorized in the presumptive range. Section 18–1–105(6), C.R.S. (1984 Cum.Supp.).

Piro's sentence is the maximum that can be imposed under extraordinary aggravating circumstances. The sentence is devoid of any weight given to the mitigating factors. This is contrary to the statutory requirement that when imposing sentence within the presumptive range the trial court must consider all aggravating or mitigating circumstances surrounding the offense and the offender. See § 18–1–105(1)(b), C.R.S. (1978 Repl.Vol. 7).

When in Piro I we remanded this matter to the trial court for specific findings pursuant to § 18–1–409(1), C.R.S. (1978 Repl. Vol. 8), it was to meet the requirement of specific findings to support a fair sentence, and to be sure that it comports with holdings of our supreme court that a sentence of extended duration must be supported by clear justification in the record. This serves the purpose of giving us helpful guidance in reviewing the sentence imposed. *People v. Watkins*, 200 Colo. 163, 613 P.2d 633 (1980). And, although sentencing is largely entrusted to the discretion of the trial court, appellate courts cannot meet their obligation by simply rubber-stamping decisions of the trial court. *Spann v. People*, 193 Colo. 53, 561 P.2d 1268 (1977); *See People v. Phillips*, 652 P.2d 575 (Colo.1982) (Lohr, J., specially concurring).

Piro at the time of the offense was 32 years old. Among the mitigating circumstances before the trial court were that he had served his country as a member of the Army and was honorably discharged. Prior to his incarceration Piro was responsible for the care of his seriously ill mother and his child. He had no history of drug or alcohol abuse. There was no indication

that the defendant had engaged in sexual relations with any other minor or that he was likely to commit such an act again. Although the trial court referred to repeated acts between Piro and the minor, within three months after the onset of this relationship she turned 15 and it was no longer a violation of the statute involved. The events surrounding the crime show that the minor was not forced or threatened. The minor related that Piro frequently asked her if she wanted to stop and that if she did to tell him so.

The presentence report stated that: "Mr. Piro appears to be a prime candidate for probation as he has a very stable residence and work record." On remand the trial court had before it diagnostic and psychological reports which had been submitted by the department of correction. The reports contained favorable analyses of Piro's personality and reinforced his contention that he was not a threat to the public. These reports were proper for consideration by the trial court. *See People v. Bridges,* 662 P.2d 161 (Colo.1983).

The discretion implicit in the sentencing decision is not an unrestricted discretion. *People v. Watkins, supra.* The policies to be advanced by appropriate sentencing include punishment commensurate with the seriousness of the offense, deterrence, rehabilitation, and the elimination of unjustified disparity in sentences. *People v. Phillips, supra.* Where, as here, we have a sentence in which the trial court patently refuses to balance any mitigating factors against aggravating circumstances, there is abuse of discretion, and the sentence cannot be allowed to stand. When reviewing such a sentence, it becomes the duty of the appellate court to see that fair consideration is given to all of the attending circumstances, both mitigating and aggravating, including the character of the offender. Section 18–1–409(1), C.R.S.; *People v. Edwards,* 198 Colo. 52, 598 P.2d 126 (1979); *People v. Jenkins,* 674 P.2d 981 (Colo.App. 1983), *rev'd on other grounds,* 687 P.2d 455 (Colo.1984).

Since this sentence has been once remanded to the trial court, pursuant to the authority given to this court in § 18–1–409(3), C.R.S. (1978 Repl.Vol. 8), and because of the better than two and one half years that Piro has already served, I would substitute a sentence which makes him eligible for immediate parole.