The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Paul MISENHELTER, Defendant–Appellant.

No. 02CA2090.

Colorado Court of Appeals, Div. A.

Dec. 30, 2004.

Rehearing Denied March 17, 2005.

Certiorari Granted Oct. 11, 2005.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Anthony J. Navarro, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CRISWELL *, J.

Defendant, Paul Misenhelter, appeals the sentence imposed upon the judgment of conviction entered following his guilty plea to aggravated incest and negligent child abuse. We vacate and remand for further proceedings.

Pursuant to a plea agreement, defendant pleaded guilty to aggravated incest and an added count of negligent child abuse. The parties' agreement provided for a sentence to probation on the aggravated incest count and a sentence for negligent child abuse not to exceed twenty-five years. Although a sentence to twenty-five years would have required a finding of aggravation, defendant did not expressly agree that there were aggravating circumstances or that the court was authorized to consider the issue of their existence.

The presumptive range of sentences for the class three felony of child abuse to which defendant pleaded guilty is from four to six-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2004.

teen years. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2004 (presumptive range for class three felonies is four to twelve years); § 18–1.3–401(10), C.R.S.2004 (increases presumptive range for class three felony of child abuse by four years).

However, the trial court, relying upon the circumstances surrounding defendant's commission of this crime, determined that those circumstances aggravated the crime, and consequently, it imposed an aggravated sentence of twenty-five years, or some nine years beyond the maximum presumptive sentence.

Defendant asserts that the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), mandate that this aggravated sentence be vacated. We agree.

## I.

■ In a previous opinion by this division, we concluded that, in opposition to the Attorney General's views, § 18–1–409(1), C.R.S. 2004, which prohibits defendant from appealing the "propriety of the sentence" imposed pursuant to a plea agreement if that sentence is "within a range agreed upon by the parties," would not preclude our review of a sentence within the aggravated range that was imposed in reliance upon facts not admitted by the plea agreement. In his petition for rehearing, however, the Attorney General concedes that the statute is inapplicable in this circumstance and agrees with the result reached by us on this issue. However, he argues that a proper interpretation of this statute would specifically *not* preclude any appeal that sought review of the propriety of the sentencing *proceedings*, as distinguished from a review of the sentence itself.

We have examined this assertion, and we conclude that it is valid.

Section 18–1–409(1) generally authorizes the appellate review of sentences imposed after conviction of any felony. Until 1999, this statute provided that:

the person convicted shall have the right to one appellate review of the *propriety of the*

*sentence*, having regard to the nature of the offense, the character of the offender, and the public interest, *and the manner in which the sentence was imposed,* including the sufficiency and accuracy of the information on which it was based.

Colo. Sess. Laws 1991, ch. 4 at 14 (2d Extraordinary Session)(emphasis supplied).

It was only in 1999 that the proviso was added to say: "except that, if the sentence is within a range agreed upon by the parties pursuant to a plea agreement, the defendant shall not have the right of appellate review of the *propriety of the sentence.*" Colo. Sess. Laws 1999, ch. 215, § 18–1–409(1) at 799 (emphasis supplied).

In 1980, some years before the addition of this proviso, the supreme court in *People v. Malacara,* 199 Colo. 243, 606 P.2d 1300 (1980), had construed the existing statute as contemplating *two* separate and distinct types of reviews of sentences:

It must be recognized that when one seeks review of his sentence, there are two fundamental and distinct issues which can be raised. The first issue involves the *intrinsic* fairness or appropriateness of the sentence itself taking into account "the nature of the offense, the character of the offender, and the public interest." (Herein called "the propriety of the sentence.") The second issue involves the *extrinsic* factors and procedures which affect the determination of the sentence. Here, the appellate court considers the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which the sentence was based. (Herein called "the propriety of the sentencing proceeding.")

When the legislature enacted section 18–1–409, and this court responded by promulgating C.A.R. 4(c), it was intended that an appellate court should not ordinarily be allowed to substitute its value judgments with respect to the propriety of the sentence for those of the trial court. The power to modify is vested in the executive branch of government. Nevertheless, it was determined that appellate review would serve a valid purpose when the sen-

tence imposed was relatively severe for the crime committed, and review by an appellate court was permitted in such circumstances.

Neither the legislature nor this court ever intended to bar review of the propriety of the sentencing proceeding, i.e., those factors beyond the intrinsic fairness of the sentence, which may have affected the determination of the sentence imposed.

*People v. Malacara, supra,* 199 Colo. at 247, 606 P.2d at 1302–03 (citations omitted).

The *Malacara* court concluded, therefore, that any review of the sentence itself can be obtained only in the original appeal of the conviction; the *propriety of the sentence* cannot be reviewed in an appeal from an order denying a defendant's postconviction Crim. P. 35(a) (now Crim. P. 35(b)) motion. In contrast, the court opined that a limitation upon the review of the *sentence proceeding,* if that proceeding implicated due process concerns, "would likely be unconstitutional." *People v. Malacara, supra,* 199 Colo. at 247 n. 4, 606 P.2d at 1300; *see also People v. Jenkins,* 687 P.2d 455 (Colo.1984).

Likewise, a division of this court, relying upon *Malacara,* has also recognized the difference between a review of the propriety of the sentence itself and a review of the propriety of the sentencing proceeding. *People v. Olivas,* 911 P.2d 675 (Colo.App.1995).

Given these prior decisions and the presumption that, in later enacting the proviso, the General Assembly acted with knowledge of the *Malacara* distinction, *see People v. Hickman,* 988 P.2d 628 (Colo.1999)(it is presumed legislature is aware of and adopts construction previously placed upon statutory language by courts), the conclusion is manifest that, by use of the phrase "propriety of the sentence" the legislature did not intend to limit appeals contesting "the propriety of the sentencing proceeding."

Indeed, at the time of its consideration of the omnibus bill whose passage resulted in the adoption of the proviso, the House Judiciary Committee was informed by a representative of the District Attorneys' Association, who supported the bill, that the proviso's limitation did not go beyond pre-

cluding an appeal to review the propriety of the sentence. The committee was told that the proviso was not intended to preclude the appeal of the denial of a Crim. P. 35(c) motion, based upon ineffective assistance of counsel, for example. Hearings on H.B. 99–1168 before the House Judiciary Committee, 62d General Assembly, 1st Session (Feb. 2, 1999).

We conclude, therefore, that the proviso to § 18–1–409(1) prohibits an appeal from a sentence that is within the range agreed upon in a plea agreement only to the extent that such an appeal seeks review of the propriety of the sentence itself. That statute does not prohibit an appeal if the issue raised is based upon some irregularity or impropriety in the proceedings that led to the imposition of the sentence.

■ Here, we will assume, without deciding, that the parties' agreement constituted an agreement upon the range of sentences that could have been imposed. Nevertheless, defendant's appeal does not seek to have us review the propriety of the sentence. Rather, we are requested to review the propriety of the court's reliance upon facts not admitted by defendant either in his plea or in the plea agreement in selecting the sentence to be imposed. This issue does not relate to the propriety of the sentence itself; it implicates the propriety of the sentencing proceedings.

## II.

■ In *Apprendi* and *Blakely,* the United States Supreme Court determined that the Sixth Amendment right to a jury trial, as that right is incorporated into the Fourteenth Amendment, extends to the determination of any fact, except previous convictions of a defendant, required to be established to increase a sentence above the maximum authorized to be imposed by the jury's determination of the defendant's guilt of the crime charged. And in *People v. Orth,* 121 P.3d 256, 2005 WL 427716 (Colo. App. No. 03CA0969, Feb. 24, 2005); *People v. Solis–Martinez,* 121 P.3d 215 2004 WL 2002525 (Colo.App. No. 03CA1365, Sept. 9, 2004); and *People v. Moon,* 121 P.3d 218, 2004 WL 2503424 (Colo.App. No. 03CA1107, Oct. 21, 2004), other divisions of this court

have determined that this requirement is applicable to Colorado's sentencing scheme, so that no sentence in the aggravated range may be imposed unless the facts relied upon to aggravate the sentence beyond the presumptive range (other than the fact of prior convictions) have been submitted to and determined by a jury or admitted by the defendant.

We agree with those other divisions that *Apprendi* and *Blakely* command this result.

Here, the maximum sentence that could have been imposed upon defendant, based solely on his plea of guilty to the crime of child abuse, was sixteen years. *See* § 18–1.3–401(1)(a)(V)(A), (10).

However, relying upon the factual circumstances surrounding defendant's commission of the offense, the court sentenced defendant to a period of twenty-five years, or some nine years longer than was authorized by defendant's plea alone. Further, the facts relied upon by the court in making this sentencing decision did not involve any prior convictions; defendant had no previous record. Hence, we are compelled to conclude that, under *Apprendi* and *Blakely,* such an aggravated sentence could not have been imposed by the court without a jury determination of the existence of aggravating circumstances or the admission of such facts by the defendant.

Accordingly, the sentence is vacated, and the case is remanded to the trial court for further proceedings in accordance with the principles set forth in *Blakely.*

Chief Judge DAVIDSON and Justice KIRSHBAUM concur.