**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Paul MISENHELTER, Defendant–Appellant.**

**No. 07CA1785.**

Colorado Court of Appeals, Div. VI.

Jan. 22, 2009.

Certiorari Granted Aug. 31, 2009.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Martinez Law, LLC, Esteban A. Martinez, Longmont, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Paul Misenhelter, appeals the sentence imposed on remand following the appeal of his sentence for child abuse. We affirm.

Pursuant to a plea agreement, defendant pleaded guilty to aggravated incest and an added count of negligent child abuse. The parties agreed to a probationary sentence on the aggravated incest count and that the sentence for negligent child abuse would not exceed twenty-five years.

The trial court sentenced defendant to an indeterminate probationary sentence of twenty years to life for aggravated incest and a concurrent sentence of twenty-five years in the Department of Corrections for negligent child abuse.

On direct appeal, a division of this court concluded that, although defendant was precluded under section 18–1–409, C.R.S.2008, from appealing the propriety of his sentence because it was stipulated under the terms of his plea agreement, he was not prohibited from appealing the propriety of the sentencing proceedings. The division agreed with defendant's contention that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), vacated the sentence, and remanded the case for resentencing. *People v. Misenhelter*, 121 P.3d 230, 232 (Colo.App.2004).

On remand, the People, relying on *People v. Watts*, 165 P.3d 707, 711–12 (Colo.App. 2006), and *People v. Bass*, 155 P.3d 547 (Colo. App.2006), argued that the trial court could impose an aggravated sentence. Defendant argued that an aggravated sentence would violate *Apprendi* and *Blakely* because he had not waived his right to a jury trial as to extraordinary aggravating circumstances or admitted any aggravating facts.

At sentencing, the trial court agreed with the People that it could impose an aggravated sentence in compliance with *Apprendi* and *Blakely*. The court found that defendant had knowingly, voluntarily, and intelligently waived his right to have a jury determine his guilt as to the elements of aggravated incest and that elements of that offense could serve as an extraordinary aggravating circumstance in imposing a sentence for negligent child abuse. The court found as aggravating facts: (1) the victim was defendant's natural or biological daughter; and (2) the victim was under the age of twenty-one. The court also found that, because *Blakely*-compliant facts existed, it could also consider other aggravating facts. The court found that the victim was mentally delayed, defendant's conduct occurred repeatedly, and the victim became pregnant, which it concluded were also aggravating facts. The court then sentenced defendant to twenty-five years in the Department of Corrections for negligent child abuse and resentenced him to probation for twenty years to life for aggravated incest.

## I. Law of the Case

■ Defendant contends that the trial court was required to sentence him in the presumptive range based on this court's ruling in *Misenhelter*. We disagree.

■ Whether a prior ruling by a court constitutes the law of the case is a question of law that is reviewed de novo. *People v. Washington*, 179 P.3d 153, 166 (Colo.App. 2007), *aff'd on other grounds*, 186 P.3d 594 (Colo.2008).

■ Under the law of the case doctrine, "prior relevant rulings made in the same case are to be followed unless such application would result in error or unless the ruling is no longer sound due to changed conditions." *People v. Dunlap*, 975 P.2d 723, 758 (Colo. 1999).

Here, the sentence was vacated and the case was remanded "to the trial court for further proceedings in accordance with the principles set forth in *Blakely*." *Misenhelter*, 121 P.3d at 234. The remand directions did not expressly state that defendant was to be sentenced in the presumptive range.

Therefore, the trial court was not precluded from imposing an aggravated sentence if it complied with the constitutional restraints of *Apprendi* and *Blakely*.

The sentencing court on remand expressly stated:

The Court, in making its finding today, has engaged in its own analysis and it has looked at the entire file. I believe that what I stated was that I have examined the entire file, in addition to the transcripts regarding the resentencing. So if—I want to be clear that I'm not simply adopting the aggravation found by the prior court. But I do find that the aggravation found by the other court is, in fact, persuasive in reaching my conclusion. My conclusion today in resentencing is that I have resentenced in accordance with *Blakely*, that I can adopt the same aggravating factors as were found by the prior court and I do so.

Because the court made independent findings of aggravation under *Blakely* in imposing the aggravated sentence, we conclude that the trial court followed the directions on remand.

## II. Constitutionality of the Sentence

■ Defendant also contends that his twenty-five-year sentence for child abuse violates *Apprendi* and *Blakely* because the trial court relied on factors not admitted by him or found by a jury in imposing the aggravated sentence. We do not agree.

The presumptive sentencing range for child abuse, a class 3 felony, is four to sixteen years. *See* §§ 18–1.3–401(1)(a)(V)(A), (10), 18–6–401(1)(a), (7)(a)(II), C.R.S.2008.

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362. The relevant statutory maximum for purposes of *Apprendi* is the maximum sentence the trial court may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537.

■ There are four types of factors that the trial court may rely upon to impose a constitutionally valid sentence: (1) facts the defendant admits; (2) facts found by a jury, as reflected in its verdict; (3) facts found by the court after the defendant has stipulated to judicial fact-finding for sentencing purposes; and (4) facts relating to prior convictions. The first three types of facts are considered "*Blakely*-compliant" and prior conviction facts are considered "*Blakely*-exempt." *Lopez v. People*, 113 P.3d 713, 723 (Colo.2005).

■ One *Blakely*-compliant or *Blakely*-exempt fact is constitutionally sufficient to support an aggravated sentence. *Id.* at 731.

Here, we are concerned with potentially two categories of *Blakely*-compliant or *Blakely*-exempt facts: (1) facts admitted by the defendant; and (2) other convictions.

■ The trial court may not use facts admitted by a defendant to aggravate a sentence unless the defendant knowingly, voluntarily, and intelligently waives his or her right to a jury trial with respect to those facts. *People v. Isaacks*, 133 P.3d 1190, 1194–95 (Colo.2006).

■ In *Watts*, a division of this court held that, if the admitted facts are "essential" to the defendant's guilty plea in that they are necessary to "establish the elements of the charged offense," and the defendant is fully advised as to the essential elements of the offense before entering a knowing, voluntary, and intelligent plea, then the court may rely on such facts to impose an aggravated sentence. *Watts*, 165 P.3d at 711–12 (citing *Isaacks*, 133 P.3d at 1193).

In *Watts*, the trial court imposed an aggravated sentence after finding that, although the defendant pleaded guilty to one count of vehicular assault, there were two victims. A division of this court affirmed the aggravated sentence, determining that the fact that two victims suffered serious bodily injury was an essential element of the offense because both victims were named in the plea document setting forth the elements of vehicular assault. The division further determined that the defendant was fully advised of the elements of the offense and knowingly, voluntarily, and intelligently waived his right to have that fact proved beyond a reasonable doubt to a jury. *Id.* at 712.

■ In *Bass*, the defendant was convicted of attempted robbery of an at-risk adult and use of a stun gun. The trial court imposed an aggravated sentence after finding that the defendant had used the stun gun on the victim because she was elderly and there was no good reason to use the stun gun on her. *Bass*, 155 P.3d at 555. A division of this court determined that the jury's finding, made in convicting him of attempted robbery, that the victim was sixty years of age or older, was a *Blakely*-compliant fact and affirmed the aggravated sentence for use of a stun gun. *Id.* Thus, the element of one offense may be an extraordinary aggravating fact as to another count and, if established pursuant to *Blakely*, will support an aggravated sentence on the second count. *See id.*

As relevant here, the essential elements of the offense of aggravated incest are that the defendant: (1) inflicts sexual penetration or sexual intrusion; (2) on his natural child; and (3) the child is under twenty-one years of age. *See* § 18–6–302(1), C.R.S.2008.

Defendant was fully advised and acknowledged his understanding of the elements of aggravated incest, as well as his right to have a jury determine his guilt or innocence beyond a reasonable doubt as to the offense. He waived that right knowingly, voluntarily, and intelligently. The prosecutor also set forth the factual basis for the offense. Therefore, under *Watts* and *Bass*, by entering his guilty plea, defendant admitted the facts essential to establish the elements of aggravated incest pursuant to the constitutional safeguards of *Apprendi*, *Blakely*, *Lopez*, and *Isaacks*, and the trial court could properly rely on them in imposing the aggravated sentence for child abuse.

Defendant asserts that a *Blakely*-compliant admission of facts cannot occur absent a showing that he understood that the facts admitted could be used to aggravate his sentence. A recent pronouncement of the supreme court lends some, but not enough, credence to defendant's assertion.

In *Villanueva v. People*, 199 P.3d 1228, 1236 (Colo.2008), the supreme court reasoned that

> in order for a defendant to validly waive his right to have a jury determine the facts supporting an aggravated sentence, the record must, at a minimum, reflect that the court advised the defendant of that right and the consequences of surrendering it, and that the defendant nevertheless chose to waive it.

*Id.* Any advisement "must specifically inform the defendant he has a right to have any facts used to aggravate his sentence proven to a jury." *Id.* "The advisement must specifically inform the defendant of this right, not merely of the right to a jury trial on the issue of guilt." *Id.* at 1236.

Here, defendant was not advised as to his right to a jury trial with respect to the facts used to aggravate his sentence.

However, both *Villanueva* and *Isaacks* are distinguishable from the present case. In *Villanueva*, the supreme court dealt with an admission the defendant made in a probation revocation proceeding, for which there was no right to (nor *any* advisement of) a jury trial *Id.* at 1234. Similarly, in *Isaacks*, the defendant's admission was made only implicitly, by failing to object to the contents of a presentence report, without any warning as to any rights the defendant would be giving up. 133 P.3d at 1192. Here, defendant was warned of and waived his right to a jury determination on the elements of aggravated incest. Although he was not specifically warned that his admissions on one count could be used to aggravate his sentence on the other count, he was warned—and agreed—that by pleading guilty he could be subjected to a particular penalty (i.e., twenty-five years) in the aggravated range for negligent child abuse.

Under these circumstances, we conclude that the court's advisement and defendant's waiver of rights were constitutionally sufficient to support the imposition of defendant's twenty-five-year sentence.

In addition, independent of any concern about the adequacy of advisements or admitted facts, a court may constitutionally impose an aggravated range sentence based on a defendant's other convictions. In *Lopez*, the supreme court identified "prior convictions" as a *Blakely*-exempt factor. *Lopez*, 113 P.3d at 723. In *Villanueva*, however, the supreme court expanded that factor to include "convictions" in general. *See Villanueva*, 199 P.3d at 1237. ("Convictions are *Blakely*-exempt because they have been previously determined by a jury beyond a reasonable doubt or admitted by the defendant after a waiver of jury trial rights.").

Indeed, in *Villanueva*, the conviction the supreme court identified as a basis for imposing an aggravated range sentence occurred *after* the defendant's original sentencing.

Under *Villanueva*, then, a defendant may constitutionally be subjected to an aggravated range sentence based upon either "prior" or "subsequent" convictions. *See Villanueva*, 199 P.3d at 1238. There is no reason why, as here, a "simultaneous" conviction should be treated any differently.

Here, the trial court essentially aggravated the sentence for negligent child abuse based on defendant's simultaneous conviction for aggravated incest. Consistent with *Villanueva*, defendant's sentence did not violate *Apprendi* and *Blakely*.

The sentence is affirmed.

Judge BERNARD and Judge J. JONES concur.