**Paul MISENHELTER, Petitioner**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 09SC183.**

Supreme Court of Colorado, En Banc.

June 21, 2010.

Martinez Law, LLC, Esteban A. Martinez, Boulder, Colorado, Attorney for Petitioner.

John W. Suthers, Attorney General, Melissa D. Allen, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice RICE delivered the Opinion of the Court.

The Petitioner Paul Misenhelter appeals his sentence of twenty-five years for negligent child abuse, § 18–6–401(1)(a), C.R.S. (2002). He argues that the trial judge erred by considering Misenhelter's "concurrent" conviction[1] for aggravated incest, § 18–6–

---

1. "Concurrent" conviction may not be the most accurate descriptor because, while the two crimes were charged concurrently and Misenhelter concurrently pleaded guilty to both, the conviction for aggravated incest preceded the sentencing for negligent child abuse. Therefore, they are not concurrent or synchronous in all aspects. Still, we use the term here as shorthand because the parties used it in briefing the issue on which we granted certiorari. The issue read:

302(1)(a), C.R.S. (2002), during his sentencing for the child abuse charge. The court of appeals upheld the sentence, holding that consideration of a "concurrent" conviction did not violate the constitutional requirement—described in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its progeny—that facts must be submitted to a jury and proved beyond a reasonable doubt. We affirm the judgment and hold that a "concurrent" conviction can constitute a *Blakely*-exempt fact so long as the conviction follows proper constitutional procedure and is entered prior to sentencing.

## I. Facts and Procedural Posture

Misenhelter pleaded guilty to aggravated incest and negligent child abuse pursuant to a plea agreement. The plea stipulated that Misenhelter would receive probation for the aggravated incest charge and a sentence of no more than twenty-five years on the negligent child abuse charge.[2] The presumptive sentencing range for negligent child abuse was four to sixteen years, § 18–1.3–401, C.R.S. (2002), but the range of possible penalties listed in trial documents stated that a maximum of thirty-two years imprisonment was possible.

Departing from the presumptive range, the trial judge sentenced Misenhelter to twenty-five years on the child abuse charge because he found that certain factors aggravated the sentence. Misenhelter appealed the sentence to the court of appeals, which vacated the sentence for violating Misenhel-

ter's Sixth and Fourteenth Amendment rights. *People v. Misenhelter*, 121 P.3d 230, 234 (Colo.App.2004) (holding that the sentence violated *Blakely*, 542 U.S. at 301–02, 124 S.Ct. 2531, and *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The court of appeals reasoned that the aggravated sentence relied on facts not proven to a jury, which violated the *Apprendi–Blakely* line of cases. *Id.* (citing *Blakely*, 542 U.S. at 301–02, 124 S.Ct. 2531). In remanding, the court of appeals specifically commented that "the facts relied upon by the [trial] court in making this sentencing decision did not involve any prior convictions." *Id.*

■ Upon remand, the trial court imposed a new twenty-five year sentence after considering the implications of *Blakely* and its progeny. It found that in pleading guilty to a charge of aggravated incest, Misenhelter "knowingly, intelligently, and voluntarily waived his right to have a jury determine his guilt as to the elements of aggravated incest."[3] The sentencing court then used those admissions from the aggravated incest conviction to sentence Misenhelter beyond the presumptive range for the child abuse charge.[4]

Misenhelter appealed the sentence to the court of appeals, arguing that the new sentence still violated *Blakely*. *People v. Misenhelter*, 214 P.3d 497, 500 (Colo.App.2009). The court of appeals affirmed the finding that Misenhelter knowingly admitted to the facts underlying the incest charge. *Id.* at

Whether the facts essential to the elements of a concurrent conviction are *Blakely*-exempt and may be considered by the trial court to aggravate a defendant's sentence.

**2.** The negligent child abuse charge was actually a fictitious charge with no supporting factual basis; it was necessary to give the court sentencing flexibility in enforcing the plea agreement.

**3.** Specifically, the trial court found that prior to the plea and pursuant to Colorado Rule of Criminal Procedure 11, the People advised Misenhelter that the elements of aggravated incest included sexual penetration of the victim, that the victim was the defendant's biological and natural daughter, and that the victim was under the age of twenty-one. It found that Misenhelter had understood those elements, that he had waived his rights to have a jury make findings, and that

he had admitted that there was a factual basis for the plea.

**4.** The trial court also found that there was "further aggravation" based on the facts that Misenhelter engaged in the conduct repeatedly, that the victim became pregnant as a result of the conduct, and that the victim suffered mild retardation as a result of Misenhelter's conduct. We need not rule on the legality of these findings under *Blakely* because "where the sentencing court finds several factors justifying a sentence in the aggravated range, only one of those factors need be legitimate to support the sentencing court's decision." *People v. Leske*, 957 P.2d 1030, 1043 (Colo.1998) (quoting *People v. Broga*, 750 P.2d 59, 62 (Colo.1988)); *see also Lopez v. People*, 113 P.3d 713, 731 (Colo.2005) (affirming the rule in the *Blakely* context).

502. It also held that, "independent of any concern about the adequacy of advisements or admitted facts," the sentence was proper because it relied on a *Blakely*-exempt conviction for aggravated incest. *Id.*

We granted certiorari on the issue of whether a "concurrent" conviction is *Blakely*-exempt. We hold that a "concurrent" conviction—or a conviction that issues from the same proceeding as the crime being sentenced—is indeed *Blakely*-exempt if it is entered according to proper constitutional procedure and prior to sentencing. We affirm the court of appeals' holding.

## II. The Law of *Apprendi–Blakely*

■ The trial court has broad discretion in sentencing, and we give deference to its factual determinations. *Villanueva v. People,* 199 P.3d 1228, 1231 (Colo.2008); *Lopez v. People,* 113 P.3d 713, 720 (Colo.2005). However, we review legal questions and constitutional challenges to sentencing schemes de novo. *Villanueva,* 199 P.3d at 1231; *Lopez,* 113 P.3d at 720. Thus, we review Misenhelter's *Apprendi–Blakely* challenge de novo but review factual determinations on the record for an abuse of discretion.

The *Apprendi–Blakely* rule—specifically the prior conviction exception—evolved from a string of U.S. Supreme Court cases beginning with *Almendarez–Torres v. United States,* 523 U.S. 224, 241, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). There, the defendant was convicted of violating title 8, section 1326(a) of the United States Code (1998), which made it a crime for an alien to return to the United States after being deported. Normally, the sentence for such an offense would be two-years imprisonment, 8 U.S.C. § 1326(a), but Congress passed a sentence enhancer allowing up to twenty-years imprisonment if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). The Court upheld the sentence enhancer despite the fact that the crime was not proved to the jury beyond a reasonable doubt because "the statute here involves a sentencing factor—the prior commission of an aggravated felony—that is neither 'presumed' to be present, nor need be 'proved' to be present, in order to prove the commission of the relevant crime." *Almendarez–Torres,* 523 U.S. at 241, 118 S.Ct. 1219. In outlining the genesis of the prior conviction exception, the Court emphasized the long tradition in the common law and prudent policy of using recidivism to modify sentencing without proof to a jury. *See id.* at 241–47, 118 S.Ct. 1219 (and cases cited therein) ("[R]ecidivism is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence.").

■ The Court renewed its adherence to the prior conviction exception in *Apprendi* and *Blakely,* which together provide the modern framework for Due Process in sentencing. The Sixth and Fourteenth Amendments demand that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. However, the Court has enumerated four types of facts not subject to that general rule: (1) facts supported by a jury verdict; (2) facts admitted by a defendant; (3) facts found after a defendant stipulated to judicial fact finding; and (4) the fact of a prior conviction. *Blakely,* 542 U.S. at 302–10, 124 S.Ct. 2531. Thus, the Court has now firmly established that the fact of a prior conviction is specifically exempted and need not be proven to a jury beyond a reasonable doubt. *Id.; see also Oregon v. Ice,* —— U.S. ——, 129 S.Ct. 711, 714, 172 L.Ed.2d 517 (2009); *Ice,* 129 S.Ct. at 720 (Scalia, J., dissenting); *United States v. Booker,* 543 U.S. 220, 224, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348.

We have adopted the prior conviction exception within the *Apprendi–Blakely* framework, referring to such facts as "*Blakely*-exempt." *Lopez,* 113 P.3d at 720–23. In *Lopez,* the defendant was convicted of possession of a controlled substance but received a deferred sentence. *Id.* at 715. During the deferral period, he was convicted of vehicular homicide. *Id.* Subsequently, the trial court used the homicide conviction to aggravate his sentence for the controlled substance offense pursuant to section 18–1.3–401(6). *Id.* at

718–19. Lopez challenged his aggravated sentence, claiming that *Apprendi–Blakely* rendered section 18–1.3–401(6) unconstitutional because the statute permitted judicial factfinding. *Id.* at 719–20. We engaged in a thorough review of Supreme Court precedent, endorsed the *Apprendi–Blakely* reasoning, and upheld Lopez's sentence based on the prior conviction for vehicular homicide. *Id.* at 720–23, 726.

In applying the prior conviction *Blakely* exception, we reasoned:

> Prior conviction facts are *Blakely*-exempt in large part because these facts have been determined by a jury beyond a reasonable doubt or admitted by the defendant in a knowing and voluntary plea agreement. Thus, as long as the prior proceedings were not constitutionally flawed, the defendant's Sixth Amendment rights were adequately protected in the prior conviction proceeding.

*Id.* at 730. We further explained, "The critical point is that the underlying fact in a prior conviction analysis—that the defendant was previously convicted of certain crimes—is one that has passed through the safeguards of the jury right or plea proceedings, and sentencing judges may consider these facts without further jury involvement." *Id.* Thus, our paramount objective in weighing an *Apprendi–Blakely* challenge must be to protect the defendant's Sixth Amendment rights. *Id.; see also Villanueva,* 199 P.3d at 1237–38.

█ In *Lopez,* we also commented on the timing of a "prior conviction." We found that although the homicide conviction postdated the possession offense, "the *convictions* for the homicide were entered before the possession sentencing." *Lopez,* 113 P.3d at 730 (emphasis added). The defendant's Sixth Amendment protections had attached and were followed regarding the homicide conviction before the sentencing court used the conviction to aggravate the possession offense. The timing of the underlying crime

is irrelevant so long as the conviction itself, with all its attendant procedural protections, is entered before being used to aggravate a sentence. Thus, a conviction is "prior" under our precedent so long as it is entered before sentencing takes place. *See id.; see also Villanueva,* 199 P.3d at 1237–38 (reemphasizing that the focus of our inquiry lies in protecting a defendant's constitutional rights, not necessarily in chronology).

█ In turn, the facts that substantiate such a prior conviction can be *Blakely*-compliant as admissions by the defendant. *Lopez,* 113 P.3d at 719; *People v. Watts,* 165 P.3d 707, 709–12 (Colo.App.2006). "*Blakely* does not permit a sentencing court to use a defendant's factual admissions to increase his sentence unless the defendant first effectuates a knowing, voluntary, and intelligent waiver of his *Blakely* rights." *People v. Isaacks,* 133 P.3d 1190, 1195 (Colo.2006). The principle that a defendant can waive his rights and admit to facts derives from the Supreme Court's reasoning in *Blakely.*[5] 542 U.S. at 310, 124 S.Ct. 2531. Whether the defendant makes a knowing, voluntary, and intelligent waiver to the specific facts later used to aggravate a sentence is a question of fact for the trial court based on the record. *Isaacks,* 133 P.3d at 1194–96; *Watts,* 165 P.3d at 712.

## III. Application

█ Misenhelter's conviction for aggravated incest was entered before his sentencing for negligent child abuse. The plea agreement followed all normal procedural safeguards designed to protect a defendant's Sixth and Fourteenth Amendment rights. We hold that Misenhelter was advised of his rights—including the right to have a jury determine his guilt or innocence on the aggravated incest charge—prior to his plea. Hence, the aggravated incest conviction itself was constitutional.

---

**5.** In full, the Court in *Blakely* stated that:

> [N]othing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding. If appropriate waivers are procured, States may continue to offer judicial factfinding as a matter of course to all defendants who plead guilty.

542 U.S. at 310, 124 S.Ct. 2531.

In its order, the trial court stated that it was not proceeding with the analysis using a *Blakely*-exempt fact, but it repeatedly referenced the facts of the aggravated incest charge to justify its aggravated sentence. In other words, although not explicit, the trial court essentially used the aggravated incest conviction to aggravate its sentence beyond the presumptive range. Thus, we apply the test for *Blakely*-exempt prior convictions to determine if Misenhelter's sentence passes constitutional muster.

We find the aggravated incest conviction to be *Blakely*-exempt because there was no error in entering the plea and the conviction predated sentencing for negligent child abuse. Therefore, the trial court was free to consider, at its discretion, the prior conviction for aggravated incest, and it did so on the record. It does not matter that the original plea included both the aggravated incest and negligent child abuse charges because the aggravated incest conviction clearly preceded the negligent child abuse sentence.

In turn, we agree with the trial court that, as part of the guilty plea to aggravated incest, Misenhelter "knowingly, intelligently, and voluntarily waived his right to have a jury determine his guilt as to the elements of aggravated incest." These elements included that the victim was Misenhelter's natural or biological daughter and that the victim was under twenty-one years of age. We see no abuse of discretion in the trial court's finding on the record of a valid waiver, and Misenhelter fails to allege any.

Hence, the trial court's consideration of the aggravated incest conviction and the elements explicitly related to that conviction does not violate *Apprendi–Blakely*. We affirm the opinion of the court of appeals.